# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TWIN CITY FIRE INSURANCE CO., | § | |
| NAVIGATORS INSURANCE CO., and | § | No. 343, 2020 |
| ALLIED WORLD NATIONAL | § | |
| ASSURANCE CO., | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| Defendants Below, | § | |
| Appellants, | § | C.A. No. N19C-11-009 |
| | § | CCLD |
| v. | § | |
| | § | |
| ENERGY TRANSFER EQUITY, LP, | § | |
| REGENCY GP LP, and REGENCY GP | § | |
| LLC, | § | |
| | § | |
| Plaintiffs Below, Appellees. | § | |

Submitted:  October 16, 2020
Decided:  December 31, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

# **O R D E R**

After consideration of the notice of appeal from an interlocutory order and the documents attached thereto, it appears to the Court that:

(1) The appellants, Twin City Fire Insurance Company, Navigators Insurance Company, and Allied World National Assurance Company (collectively, the "Appellant Insurers"), have petitioned this Court, pursuant to Supreme Court Rule 42, to accept an appeal from the Superior Court's opinion dated September 25,

2020. The September 25 opinion denied the Appellant Insurers' motion to dismiss for lack of personal jurisdiction.

(2)     In the Superior Court litigation, the appellees, Energy Transfer Equity, LP, Regency GP LP, and Regency GP LLC (collectively, the "Insureds"), claim that certain director and officer insurance policies issued by the Appellant Insurers and others cover damages that may be awarded in class-action litigation that is pending in the Delaware Court of Chancery (the "*Dieckman* Action"). The plaintiff in the *Dieckamn* Action seeks damages for unitholders of Regency Energy Partners LP ("Regency") arising out of the acquisition of Regency by Energy Transfer Partners L.P. Appellees Regency GP LP and Regency GP LLC, among others, were named as defendants in the *Dieckman* Action.

(3)     The Appellant Insurers moved to dismiss the Superior Court litigation, asserting that they are not subject to personal jurisdiction in Delaware. The Superior Court denied the motion, holding that the Appellant Insurers are subject to personal jurisdiction under 10 *Del. C.* § 3104(c)(6).[1] That section of Delaware's long-arm statute provides that a Delaware court may exercise personal jurisdiction over a nonresident who "[c]ontracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed

---

[1] *Energy Transfer Equity, L.P. v. Twin City Fire Ins. Co.*, 2020 WL 5757343, at *5 (Del. Super. Ct. Sept. 25, 2020).

2

within the State at the time the contract is made, unless the parties otherwise provide in writing."[2] The court also held that the exercise of jurisdiction over the Appellant Insurers would not offend due process.[3]

(4) The Appellant Insurers asked the Superior Court to certify an interlocutory appeal. The Superior Court denied the application for certification.[4] The court determined that its opinion denying the Appellant Insurers' motion to dismiss did not decide a substantial issue of material importance because it did not go to the merits of the case.[5] With respect to the criteria of Rule 42(b)(iii), the Superior Court concluded that the decision sustained the controverted jurisdiction of the Superior Court[6] and arguably involved a question of law relating to the "constitutionality, construction, or application" of Delaware's long-arm statute.[7] But it also determined that a successful interlocutory appeal would not necessarily terminate the litigation in its entirety,[8] because numerous other insureds would remain as defendants in the action, even if the Appellant Insureds were not subject

[2] 10 *Del. C.* § 3104(c)(6).
[3] *Energy Transfer Equity*, 2020 WL 5757343, at *6.
[4] *Energy Transfer Equity, L.P. v. Twin City Fire Ins. Co.*, 2020 WL 6112299 (Del. Super. Ct. Oct. 16, 2020).
[5] *Id.* at *3 (citing *Jelin v. NRG Barriers, Inc.*, 1996 WL 442907 (Del. July 23, 1996); *Tortuga Cas. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 1991 WL 247813 (Del. Nov. 14, 1991); *Cardona v. Hitachi Koto Co.*, 2019 WL 956779, at *2 (Del. Super. Ct. Feb. 25, 2019), *appeal refused*, 2019 WL 1716054 (Del. Apr. 16, 2019); *TowerHill Wealth Management, LLC v. Bander Family P'ship*, 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008), *appeal refused*, 2008 WL 4809456 (Del. Nov. 3, 2008)).
[6] DEL. SUPR. CT. R. 42(b)(iii)(D).
[7] *Id.* R. 42(b)(iii)(C).
[8] *Id.* R. 42(b)(iii)(G).

to personal jurisdiction. And it determined that interlocutory review would not serve considerations of justice[9] or promote the most efficient and cost-effective resolution of the case.[10]

(5)   We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this Court.[11] In the exercise of its discretion and giving great weight to the trial court's view, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist in this case,[12] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[13]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[9] *Id.* R. 42(b)(iii)(H).
[10] *Id.* R. 42(b)(iii).
[11] *Id.* R. 42(d)(v).
[12] *Id.* R. 42(b)(ii).
[13] *Id.* R. 42(b)(iii).

4